UNITED STATES of America

v.

Charles B. CORCES.

Nos. 92–28–CR–T–17C, 97–894–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

July 28, 1997.

Anthony F. Gonzalez, Law Office of Anthony F. Gonzalez, Tampa, FL, for Charles Corces.

Walter E. Furr, U.S. Attorney's Office, M.D. Florida, Tampa, FL, for U.S.

Patricia Anderson, Rahdert & Anderson, P.A., St. Petersburg, FL, for Times Publishing Co.

*ORDER DENYING MOTIONS TO DISQUALIFY, STRIKE, AND STAY*

KOVACHEVICH, Chief Judge

This cause comes before the Court on the following documents:

(1) Defendant CHARLES B. CORCES' "Motion for Disqualification of Judge Elizabeth Kovachevich" (Docket No. 651) from consideration of the defendant's section 2255 motion (Docket No. 650), and the Government's Response thereto (Docket No. 663);

(2) The defendant's Motion for Disclosure (Docket No. 660), the Government's Motion to Strike the defendant's motion for disclosure (Docket No. 661), the defendant's response to motion to strike (Docket No. 665, part 1), and the defendant's motion to strike the Government's motion to strike (Docket No. 665, part 2); and

(3) The defendant's Motion for Stay of Section 2255 Proceedings until the Motion to Unseal, etc., is Resolved (Docket No. 666).

*I. Disqualification.*

Prior to his conviction, the defendant asked the undersigned to recuse herself from this case on many occasions. The first motion to recuse was filed on June 19, 1992 (Docket Nos. 45–46), which was denied by Order dated July 10, 1992 (Docket No. 51; published at 1992 WL 175506). The defendant moved to recuse again on November 9, 1992, which was denied in open court (Docket No. 168). The Court denied the defendant's renewed motion to recuse on December 1, 1992 (Docket No. 194).

After the first trial, the defendant filed yet another motion to recuse the undersigned on March 23, 1993 (Docket No. 255) and supplement on April 29, 1993 (Docket No. 269). This motion was denied by Order dated May 28, 1993 (Docket No. 279). The Court noted the defendant's multiple attempts to "judge shop" within said order. Apparently, the defendant sought a writ of mandamus from the Court of Appeals to stop the undersigned from proceeding at trial; it was denied on July 13, 1993 (Docket No. 300).

During the course of the second trial, the defendant made an oral motion to have the undersigned disqualified, which was denied on October 26, 1993. (Docket No. 383). The motions to recuse were renewed and denied in open court on December 9, 1993 (Docket No. 432).

Throughout all of these motions, there was at least one (1) recurring argument: that the undersigned is biased in favor of the prosecution because Assistant U.S. Attorney (AUSA) Walter "Terry" Furr is a former law clerk of the undersigned. After the defendant's conviction on count three (3) of the superseding indictment, the defendant moved for a copy of a photograph in the undersigned's chambers, where AUSA Furr is shown kissing the undersigned on the left cheek. By written Order, the Court conceded to the existence of this photograph and its place in chambers. (Docket No. 510, March 9, 1994). This Order was entered prior to the defendant's notice of appeal from his conviction and sentence (Docket No. 513).

Presently, the defendant *again* asks the undersigned to recuse herself for purposes of ruling on his section 2255 motion, specifically ground seven (7) of that motion. The defendant reiterates all the same arguments that this Court previously rejected and those rulings could and should have been raised on direct appeal. The only new "fact" before this Court is the photograph.

This photograph is a benign one and adds nothing to the analysis. AUSA Furr is shown kissing the undersigned on the cheek, by the American flag, and in her capacity as his employing judge. Occurring over ten (10) years ago, it was nothing more than a professional gag captured on film.[1] Under 28 U.S.C. § 455(a), recusal is required where the impartiality of the judicial officer "might reasonably be questioned." The Court finds that this standard has not been met on the face of the defendant's motion. The motion for disqualification (Docket No. 651) is **denied.** The Court incorporates by reference all its previous orders on this subject and the Government's response (Docket No. 663).

The accompanying "motion for disclosure" (Docket No. 660) is **denied** as moot. If there were any "facts or circumstances which, in isolation or in combination with the facts alleged in Ground Seven of the § 2255 Petition, may give rise to a reasonable question about ... impartiality" (Docket No. 660), the

Court would have disclosed them *sua sponte.* There are none. The Government's motion to strike (Docket No. 661) and the defendant's motion to strike (Docket No. 665, part 2) are both **denied** as moot and ridiculous.

## II. Stay

The defendant's motion to stay proceedings (Docket No. 666) is **denied.** Obviously, to the extent that the motion to stay is based on the pendency of the motion for disqualification, it is moot.

As to the argument that this Court should stay proceedings until it decides the motion to unseal and motion for discovery, the Court rejects it. First, it is moot. By separate order on this same date, the motion to unseal has been granted in part and denied in part. Second, the argument assumes that the Court will grant him leave to supplement his section 2255 motion with information derived from the documents that are now open to the public. The assumption is not well taken.

A thorough review of the sealed documents leads the Court to conclude that no successful section 2255 ground could be based on the contents of these now-public documents (not to mention the fact that the appellate court has reviewed the sealed docket and apparently found no reversible error). Even if the defendant finds something to argue about in these previously sealed documents, the recent amendments to section 2255 provide an avenue for him to seek permission from the Court of Appeals to file a successive section 2255 motion with this Court based on "newly discovered evidence." 28 U.S.C. § 2255 (as amended April 24, 1996).

The section 2255 motion is ripe for review (the defendant has even filed a reply to the Government's response), and there is simply no reason for the Court to hold off on resolving it forthwith. Accordingly, it

**ORDERED** that

(1) the "Motion for Disqualification of Judge Elizabeth Kovachevich" (Docket No. 651) be **DENIED;**

---

1. In fact, to date, it is a chambers' tradition to take and display a picture of every male law clerk kissing the undersigned on the cheek. This tradition pre-dates Mr. Furr's employment with this office.

(2) the defendant's Motion for Disclosure (Docket No. 660) be **DENIED;**

(3) the Government's Motion to Strike the defendant's motion for disclosure (Docket No. 661) be **DENIED;**

(4) the defendant's motion to strike the Government's motion to strike (Docket No. 665, part 2) be **DENIED;** and

(5) the defendant's Motion for Stay of Section 2255 Proceedings until the Motion to Unseal, etc., is Resolved (Docket No. 666) be **DENIED.**